# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD ANTHONY GARZA,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>STEVE SMITH,[1]<br><br>　　　　Respondent. | Case No. 1:24-cv-01500-JLT-EPG-HC<br><br>FINDINGS AND RECOMMENDATION TO GRANT RESPONDENT'S MOTION TO DISMISS AND DISMISS PETITION<br><br>(ECF No. 11)<br><br>ORDER DIRECTING CLERK OF COURT TO SUBSTITUTE RESPONDENT |

　　Petitioner Richard Anthony Garza is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the undersigned recommends granting Respondent's motion to dismiss and dismissing the petition.

## I.

## BACKGROUND

　　On December 8, 1992, Petitioner pleaded guilty to second-degree murder and admitted an enhancement under California Penal Code section 12022(b). On January 12, 1993, Petitioner was sentenced to an imprisonment term of fifteen years to life plus a consecutive one-year term for the enhancement. (ECF No. 10-2 at 8.[2])

---

[1] Steve Smith is the warden of Pleasant Valley State Prison, where Petitioner is housed. (ECF No. 11 at 1 n.1.) Accordingly, Steve Smith is substituted as Respondent in this matter. See Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996).

[2] Page numbers refer to ECF page numbers stamped at the top of the page.

1

1    On December 2, 2024, Petitioner filed the instant petition for writ of habeas corpus 2 challenging the state courts' denial of his petition for relief pursuant to Senate Bill 1437 3 (California Penal Code section 1172.6).  Petitioner raises the following claims for relief: (1) 4 erroneous admission of parole suitability hearing transcript; and (2) ineffective assistance of 5 counsel. (ECF No. 1 at 4.)

6    On February 10, 2025, Respondent filed a motion to dismiss the petition, arguing that 7 Petitioner's claims regarding denial of resentencing are not cognizable in federal habeas corpus. 8 (ECF No. 11.) To date, no opposition to the motion to dismiss has been filed, and the time for 9 doing so has passed.

## II.

## DISCUSSION

### A. Admission of Parole Hearing Transcripts

In his first claim of relief, Petitioner challenges the admission of his parole suitability hearing transcripts at his resentencing proceedings. (ECF No. 1 at 4.) Petitioner argues that a parole suitability hearing is an inherently coercive proceeding and due process requires exclusion of his statements, which he describes as a "coerced confession." (Id.) Respondent contends that challenging the admission of evidence at a resentencing hearing does not raise a federal constitutional question. (ECF No. 11 at 1.) Respondent argues that "errors of state law do not warrant federal habeas relief" and that "a petitioner alleging errors in the state post-conviction review process is not addressable through habeas corpus proceedings." (Id. at 2.)

By statute, federal courts "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). "[T]he second use of "in custody" in the statute requires literally that the person applying for the writ is contending that he is "in custody" in violation of the Constitution or other federal laws." Bailey v. Hill, 599 F.3d 976, 979 (9th Cir. 2010). "[A] petition alleging errors in the state post-conviction review process is not addressable through habeas corpus proceedings," Franzen v. Brinkman, 877 F.2d 26, 26 (9th Cir. 1989), because a "due process claim related to

collateral post-conviction proceedings, even if resolved in a petitioner's favor, would not 'result [in] ... release or a reduction in ... time to be served or in any other way affect his detention because we would not be reviewing any matter directly pertaining to his detention,'" Cress v. Palmer, 484 F.3d 844, 853 (6th Cir. 2007) (quoting Kirby v. Dutton, 794 F.2d 245, 247 (6th Cir. 1986)). Accordingly, Petitioner's challenge to the admission of his parole suitability hearing transcripts at his resentencing proceedings is not cognizable in federal habeas corpus. See Juarez v. Campbell, No. CV 23-3910-CJC(E), 2023 WL 6170341, at *3 (C.D. Cal. Aug. 7, 2023) ("[T]o [the] extent Petitioner challenges procedural aspects of the state court post-conviction proceedings, including discovery rulings and evidentiary rulings therein, such challenges cannot merit federal habeas relief."), report and recommendation adopted, 2023 WL 6216707 (C.D. Cal. Sept. 25, 2023).

Further, even if Petitioner's claim were cognizable, Petitioner has not established that the state court's determination was contrary to, or an unreasonable application of, clearly established federal law, or was based on an unreasonable determination of fact. 28 U.S.C. § 2254(d); Clayton v. Biter, 868 F.3d 840, 846 n.2 (9th Cir. 2017) (noting that federal due process protections for state resentencing is "a question not yet clearly decided"); Stenson v. Lambert, 504 F.3d 873, 881 (9th Cir. 2007) ("Where the Supreme Court has not addressed an issue in its holding, a state court adjudication of the issue not addressed by the Supreme Court cannot be contrary to, or an unreasonable application of, clearly established federal law.").

### B. Ineffective Assistance of Counsel

In his second claim for relief, Petitioner asserts ineffective assistance of counsel. (ECF No. 1 at 4.) Petitioner contends that insofar as his due process claims were forfeited due to counsel's failure to raise specific objections to the admission of the parole suitability hearing transcript, counsel was ineffective. (Id.) Respondent argues that "Petitioner's claim is moot (or unnecessary) because the state court did not impose any procedural bar but decided Petitioner's claim challenging the evidence admitted at the resentencing hearing." (ECF No. 11 at 3.) Alternatively, Respondent argues that the ineffective assistance of counsel claim is unexhausted because it was not raised in the California Supreme Court. (Id. at 3 n.2.)

Given that his due process claims challenging the admission of his parole suitability hearing transcript were not forfeited, the Court agrees with Respondent that Petitioner's ineffective assistance of counsel claim is moot and/or unnecessary. Moreover, the claim is unexhausted[3] and fails to state a cognizable federal habeas claim. See Coleman v. Thompson, 501 U.S. 722, 752 (1991) ("There is no [federal] constitutional right to an attorney in state post-conviction proceedings. Consequently, a petitioner cannot claim constitutionally ineffective assistance of counsel in such proceedings.").

## III.

## RECOMMENDATION

Based on the foregoing, the undersigned HEREBY RECOMMENDS that:

1. Respondent's motion to dismiss (ECF No. 11) be GRANTED; and

2. The petition for writ of habeas corpus be DISMISSED.

Further, the Court DIRECTS the Clerk of Court to SUBSTITUTE Steve Smith as Respondent.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **THIRTY (30) days** after service of the Findings and Recommendation, any party may file written objections, **no longer than fifteen (15) pages, including exhibits**, with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The assigned United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are

---

[3] A petitioner in state custody who is proceeding with a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982). A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971). Here, Petitioner did not present an ineffective assistance of counsel claim to the California Supreme Court. (ECF No. 10-4.)

advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **July 7, 2025**              /s/ Erica P. Grosjean
                                  UNITED STATES MAGISTRATE JUDGE