UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD ANTHONY GARZA,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>STEVE SMITH,<br><br>　　　　Respondent. | Case No.: 1:24-cv-1500 JLT EPG<br><br>ORDER ADOPTING IN FULL THE FINDINGS AND RECOMMENDATIONS, GRANTING RESPONDENT'S MOTION TO DISMISS, DISMISSING THE PETITION, AND DIRECTING THE CLERK OF COURT TO CLOSE THE CASE<br><br>(Docs. 11, 13) |

Richard Anthony Garza seeks to proceed with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the admission of evidence—particularly, transcripts from his parole suitability hearing—at his resentencing hearing. He also asserts that he received ineffective assistance of counsel at the hearing. (Doc. 1.) Respondent moved to dismiss the petition, asserting Petitioner "fails to state a cognizable federal claim." (Doc. 11 at 1.)

The magistrate judge found that "Petitioner's challenge to the admission of his parole suitability hearing transcripts at his resentencing proceedings is not cognizable in federal habeas corpus." (Doc. 13 at 3, citing *Juarez v. Campbell*, 2023 WL 6170341, at *3 (C.D. Cal. Aug. 7, 2023), *adopted* 2023 WL 6216707 (C.D. Cal. Sept. 25, 2023). The magistrate judge also determined that Petitioner's claim of ineffective assistance of counsel was moot and unexhausted. (*Id.* at 4.) Moreover, the magistrate judge observed there is not a federal constitutional right to counsel "in state post-conviction proceedings," and as a result Petitioner could not state a cognizable claim related to ineffective

1

assistance of counsel at the resentencing hearing. (*Id.*, citing *Coleman v. Thompson*, 501 U.S. 722, 752 (1991).) Therefore, the magistrate judge recommended the Court grant Respondent's motion to dismiss. (*Id.*)

The Court served the Findings and Recommendations on the parties and notified Petitioner that any objections were due within 30 days. (Doc. 13 at 4.) The Court advised Petitioner that the "failure to file objections within the specified time may waive the right to appeal the District Court's order." (*Id.* at 5, citing *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014).) Petitioner did not file objections, and the time to do so has passed.

According to 28 U.S.C. § 636(b)(1), this Court performed a *de novo* review of this case. Having carefully reviewed the matter, the Court concludes the Findings and Recommendations are supported by the record and proper analysis. Thus, the Court **ORDERS**:

1. The Findings and Recommendations dated July 7, 2025 (Doc. 13) are **ADOPTED** in full.
2. Respondent's motion to dismiss (Doc. 11) is **GRANTED**.
3. The petition for writ of habeas corpus (Doc. 1) is **DISMISSED**.
4. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated: __**August 18, 2025**__  

UNITED STATES DISTRICT JUDGE

2